**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE TRUSTEES OF THE UNITED
TEAMSTER FUND and THE UNITED
TEAMSTER FUND,

                    Plaintiffs,

    - against -

TILDEN HUNTINGTON, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF

**COMPLAINT**

2:19-CV-3635

       Plaintiffs, the Trustees of the United Teamster Fund and the United Teamster Fund (the "Fund"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

NATURE OF THE ACTION

       1.    This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to recover contributions and interest owed to the Fund in accordance with the applicable collective bargaining agreement ("CBA"), relevant plan documents and applicable law.

JURISDICTION AND VENUE

       2.    This Court has jurisdiction of this action pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

       3.    Venue properly lies in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Fund is administered in this District.

## THE PARTIES

4. At all times material hereto, the Fund was an "employee welfare benefit plan" and a "multiemployer plan" as defined by Sections 3(1) and 3(37) of ERISA, 29 U.S.C. §§ 1002(1) and 1002(37). The Fund is administered at 2137 Utica Avenue, Brooklyn, New York.

5. At all times material hereto, the Trustees were, and are the "plan sponsors" of the Fund, as defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). The Trustees are also "fiduciaries" of the Fund, as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. At all times material hereto, Defendant Tilden Huntington, Inc. ("Tilden") was a participating employer in the Fund and contributed to the Fund on behalf of its employees covered by a collective bargaining agreement (the "CBA") between Tilden and Teamsters Local 202 (the "Union"). Tilden is located at 800 New York Avenue, Huntington, New York.

7. As Tilden is a corporation, it is not incompetent or in military service.

8. At all relevant times hereto, the terms and conditions for employment and benefits offered to those of Tilden's employees who belonged to the Union, including the terms under which such employees would participate in the Fund, were set forth in the CBA.

9. Tilden is obligated under the CBA to remit monthly contributions to the Fund on behalf of its participating employees by the 10th day of the month for which the contributions are due.

10. By letter dated April 22, 2019 (the "First Letter"), the Fund, by its attorneys, advised Tilden that it owed $15,438 in contributions to Fund for the months of January, February, May and December 2018 and demanded full payment of the amount owed by April 29, 2019.

11. The First Letter also advised Tilden that:

    a. the check for its payment of the February 2018 contribution (the "Check") had been returned to Tilden at the request of a company representative named "Tom";

    b. the Fund's administrative office (the "Office") had not deposited that check;

    c. a copy of the check that Tilden provided to the Office indicated that the check had been deposited in an account maintained at a Capital One, N.A. bank in Virginia (the "Account");

    d. the account did not belong to the Fund; and

    e. the Office had no knowledge of the Account.

12. In an undated reply, Tilden responded to the First Letter by stating that the Check had been made payable to the Fund, had been deposited in an account and had been negotiated, with the amount of the Check withdrawn from Tilden's checking account by its bank. The letter stated further that "[a]t this point in time, that amount of money is proven that it was deposited and it has the United Teamster Fund name on its check."

13. Notwithstanding the foregoing, Tilden enclosed payment of the January, February and December 2018 contributions.

14. By letter dated May 9, 2019, the Fund, by its attorneys, advised Tilden that the Office had received payment of delinquent contributions other than payment for May 2018 and requested payment in the amount of $3,825 be sent immediately.

15. By letter dated May 21, 2019, the Office advised Tilden that although it was in receipt of a check for payment of the May 2019 contribution in the amount of $3,825, the contribution rate under the CBA had increased, effective February 1, 2019, to $1,300 per employee.  The letter enclosed the voided check and requested a replacement check in the amount of $3,900.

16. Despite the foregoing requests, Tilden not remitted payment of the foregoing contributions.

17. In addition to the May 2018 and May 2019 contributions, and, in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Tilden is also liable to the Fund for interest, liquidated damages, and the legal fees and costs incurred in recovering the monies due from Tilden.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

18. Plaintiffs reassert and re-allege paragraphs "1" through "17" and incorporate them herein.

19. Despite its obligations under the CBA and due demands made by the Fund, Tilden has willfully failed to pay contributions which are owed to the Fund for the months of May 2018 and May 2019.

20. In accordance with Section 515 of ERISA, 29 U.S.C. § 1145, Tilden is liable for the foregoing contributions.

21. In accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Tilden is also liable to the Fund for interest, liquidated damages, and the legal fees and costs incurred in recovering the monies due from Tilden.

## PRAYER FOR RELIEF

WHEREFORE, the Funds prays that this Court enter an order and judgment in its favor and against Tilden awarding the Funds:

(a) $7,725.00 in unpaid contributions;

(b) Interest on all contributions owed to the Funds from the date(s) due through the date(s) of payment, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

(c) Liquidated damages, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

(d) The Fund's attorney's fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

(e) Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 21, 2019

CARY KANE LLP

/s/
By: Owen M. Rumelt

1350 Broadway, Suite 1400
New York, New York 10018
T: 212-868-6300
F: 212-868-6302
orumelt@carykane.com
*Attorneys for Plaintiffs*